UNITED STATES of America, Plaintiff—Appellee,

v.

Cristobal VELOZ, Defendant— Appellant.

No. 01–30274.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2003.*

Decided Jan. 26, 2004.

Douglas J. Hill, Tacoma, WA, for Plaintiff–Appellee.

Kenneth W. Sharaga, Esq., Seattle, WA, for Defendant–Appellant.

Before: KLEINFELD and McKEOWN, Circuit Judges, and SHAPIRO,** District Judge.

## MEMORANDUM

Cristobal Veloz was convicted of one count of conspiracy to distribute cocaine and two counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846 and 18 U.S.C. § 2. He appeals the denial of his motion for entry of judgment of acquittal or, in the alternative a new trial, and his sentence. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Veloz claims the government improperly vouched for the credibility of Yanez, an informant and key witness. There was no objection to the improper vouching by Detective Moore. The error neither

was plain nor permeated the entire trial. *United States v. Rudberg*, 122 F.3d 1199, 1205, 1206 (9th Cir.1997).

Veloz also argues Yanez's conduct "shocks the conscience" and warrants reversal of his conviction. *See Rochin v. People of California*, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952). The district court properly found that Yanez's statements were not so outrageous that they "shocked the conscience."

Veloz next argues that the district court abused its discretion in denying his motion *in limine* to exclude the testimony of his drug customers who were coerced to testify by the government. The district court did not abuse its discretion in denying his motion because there was no evidence to support this assertion.

Veloz also asserts sentencing entrapment, but this issue was forfeited by failing to preserve it below. He claims the district court erred in failing to give the jury any definition of predisposition, even though he asserted an entrapment defense. The district court properly instructed the jury on entrapment; an additional instruction on predisposition was not required.

Finally, Veloz claims that the mandatory minimum sentencing provision of 21 U.S.C. § 841(b) is facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because drug type and drug quantity are "sentencing factors." *United States v. Buckland*, 289 F.3d 558 (9th Cir.2002) (en banc) considered and rejected this argument.

**AFFIRMED.**

---

** The Honorable Norma L. Shapiro, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.